IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

JOHN DAVIS MASSEY, JR.,

    Plaintiff,

v.                                                        Case No. 7:21-cv-62
                                                        Judge Elizabeth K. Dillon

VIRGINIA POLYTECHNIC INSTITUTE
AND STATE UNIVERSITY |
COMMONWEALTH OF VIRGINIA,

    Defendant.

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS**

Defendant, Virginia Polytechnic Institute and State University, an agency of the Commonwealth of Virginia, ("Virginia Tech"), by counsel, submits the following memorandum in support of its Motion to Dismiss all three counts in the Complaint filed by Plaintiff, John David Massey, Jr., ("Massey" or "Plaintiff") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

I.    INTRODUCTION

Plaintiff's complaint should be dismissed because he failed to file his Complaint within the one-year limitation period for Rehabilitation Act claims and because any claims he has arising for his self-care under the Family and Medical Leave Act are barred by sovereign immunity.

II. FACTS

Plaintiff's Complaint attempts to assert one claim related to the Family and Medical Leave Act of 29 U.S.C. § 2601 *et seq.* ("FMLA") and two claims related to the Rehabilitation Act of 1973 of 29 U.S.C. § 701 *et seq.* ("The Rehab Act"). Compl. ¶ 1. Plaintiff attempts to assert these claims against a state university and state agency of the Commonwealth of Virginia. Compl. ¶ 7.

On July 29, 2019, Virginia Tech informed Plaintiff, that due to organizational restructuring his position would be abolished on October 31, 2019. Compl. ¶ 21, Exhibit A (ECF No. 1-1). When Plaintiff's employment ended on October 31, 2019, he received severance benefits consistent with University policy. *Id.* Plaintiff filed his Complaint with this Court on January 29, 2021, which was one year and six months from the date he received notice that his job would end and one year and three months after his job ended. Compl.

Plaintiff now claims that Virginia Tech's reorganization was a carefully orchestrated scheme to discriminate against him because he took ten days of paid sick leave in April 2019 for a double hernia surgery. Compl. ¶¶ 15, 17, 35. In addition, Plaintiff, who worked in the Virginia Tech Division of Human Resources, alleges that he was unaware of his FMLA rights, and he was unaware that he could take FMLA leave for his surgery and self-care. Compl. ¶¶ 9, 20.

III.     PROCEDURAL STANCE

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 211 (4th Cir. 2019). To survive, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief .... " Fed. R. Civ. P. 8(a)(2). While this standard does not require detailed factual allegations, it does require "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While we must accept the factual allegations in the complaint as true, we need not accept a complaint's legal conclusions. Thus, simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *ACA Fin. Guar. Corp.*, 917 F.3d at 212 (citation omitted).

A similar standard is applied to a motion to dismiss pursuant to Rule 12(b)(1) of Federal Rules of Civil Procedure where jurisdiction is challenged. "[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). Defendant asserts that based upon Plaintiff's allegations, his claims are barred by the applicable statute of limitation and sovereign immunity.

IV.    COUNT I MUST BE DISMISSED PURSUANT TO SOVEREIGN IMMUNITY.

"A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense. *See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 72–73 (2000); *Alden v. Maine,* 527 U.S. 706 (1999). "As an exception to this principle, Congress may abrogate the States' immunity from suit pursuant to its powers under § 5 of the Fourteenth Amendment." *See, e.g., Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666 (1976). As set forth below, the Supreme Court of the United States in *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30, 35 (2012), held that the Family and Medical Leave Act does not apply to Plaintiff's self-care claims.

The Family and Medical Leave Act of 1993 (FMLA), codified at 29 U.S.C. 2601, *et seq.*, entitles eligible employees to take up to 12 work weeks of unpaid leave per year. An employee may take leave under the FMLA for: (A) "the birth of a son or daughter . . . in order to care for such son or daughter," (B) the adoption or foster-care placement of a child with the employee, (C) the care of a "spouse . . . son, daughter, or parent" with "a serious health condition," and (D) the employee's own serious health condition when the condition interferes with the employee's ability to perform at work. 29 U. S. C. §2612(a)(1). Sections (a)-(c) are referred to as the "family care" provisions, while section (d) is referred to as the "self-care" provision. Prior to *Coleman*, States were liable for money damages for violations of all four provisions; however, in *Coleman*, the Court held that States are no longer liable for violations of the "self-care" provision (section d).

In deciding *Coleman*, the Supreme Court focused on the scope of Congress's authority to abrogate States' immunity. The Fourteenth Amendment guarantees equal protection to all citizens. In the pursuit of equal protection, Section 5 of the Fourteenth Amendment grants Congress the power to abrogate States' immunity, as long as it "mak[e] its intention to abrogate unmistakenly clear in the language of the statute." *Nevada Dept. of Human Resources v. Hibbs*, 538 U. S. 721, 726 (2003). Congress must also ensure that the means it uses to address the "evil or wrong" it seeks to address are narrowly tailored. *City of Boerne v. Flores*, 521 U. S. 507, 520 (1997).

In *Hibbs*, the Court held that, traditionally, the "family care" provisions of the FMLA had been administered in ways that were not gender neutral. 538 U.S. at 731. The Court found that States either had leave policies that granted longer periods of leave to women than to men, or they administered their policies in gender biased ways. *Id*. These practices reflected what Congress found to be a "pervasive sex-role stereotype that caring for family members is women's work." *Id*.

Accordingly, the *Hibbs* Court found that because the family care provisions were concerned with remedying gender inequality (and thus effectuating the equal protection goal of the Fourteenth Amendment), abrogating States' immunity for violations of the family care provisions was a valid exercise of Congress's power under the Fourteenth Amendment.

The *Coleman* Court, however, found that the same was not true for the "self-care" provision of the FMLA. The self-care provision, the Court found, was enacted

out of concern for the impact serious illness could have on the employee and his or her family, not gender equality. Accordingly, abrogating States' immunity for violations of the self-care provision was not necessary to effectuate the goal of the Fourteenth Amendment and was an invalid exercise of Congress's Fourteenth Amendment powers. The Court thus reinstated States' immunity for violations of the self-care provision of the FMLA.

Therefore, Defendant respectfully requests that Count I be dismissed pursuant to the immunity set forth in *Coleman*. Plaintiff asserts Count I as a claim for interference with FMLA Rights. Plaintiff contends in his complaint that his FMLA rights were for self-care. Compl. ¶¶ 11, 13, 15. Count I should be dismissed with prejudice.

V. COUNTS II AND III RELATED TO THE REHABILITATION ACT OF 1973 ARE TIME-BARRED.

Plaintiff's Counts II and III, relate to disability discrimination and are alleged pursuant to 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehabilitation Act"). These claims are time-barred because Plaintiff failed to file this case within the one-year statute of limitations.

The statute of limitations is an affirmative defense employed to dismiss claims pursuant to Rule 12(b)(6) when it is clear from the face of the complaint that the claims are time-barred. *Green v. Pro Football, Inc.,* 31 F.Supp.3d 714, 721–22 (D.Md. 2014). Plaintiff asserts that his claims stem from the abolition of his position on October 31, 2019. Plaintiff received notice that his employment would end on July 29, 2019.

In *Wolsky v. Med. Coll. of Hampton Roads,* 1 F.3d 222, 225 (4th Cir. 1993), the Fourth Circuit held that the statute of limitations for Rehabilitation Act claims brought in U.S. District Courts in Virginia was the same as the one-year statute of limitations set forth in the Virginians with Disabilities Act. *Id.* at 225. The Virginians with Disabilities Act provides: "An action may be commenced pursuant to this section any time within one year of the occurrence of any violation of rights under this chapter." Va. Code Ann. § 51.5-46 (West).

Plaintiff did not file the present action until January 29, 2021, which was one year and six months from the date he received notice that his job would end and one year and three months after his job ended. Plaintiff's Counts II and III, related to the Rehabilitation Act are time barred and should be dismissed.

VI. CONCLUSION

Based on the foregoing arguments and authorities, Defendant moves this Court to grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety and to allow Defendant to recover the costs of this action, and order such other and further relief as the case requires and this Court may deem proper.

VIRGINIA POLYTECHNIC INSTITUTE
AND STATE UNIVERSITY |
COMMONWEALTH OF VIRGINIA,

By:    s/ M. Hudson McClanahan
       Counsel for Defendants

Kay Heidbreder (VSB No.: 22288)
University Legal Counsel and
Senior Assistant Attorney General
heidbred@vt.edu

M. Hudson McClanahan (VSB No.: 46363)
Associate University Legal Counsel and
Assistant Attorney General
hud3@vt.edu

Stephen Capaldo (VSB No.: 74045)
Associate University Legal Counsel and
Assistant Attorney General
scapaldo@vt.edu

Mark Gess (VSB No.: 71016)
Associate University Legal Counsel and
Assistant Attorney General
mgess@vt.edu

University Legal Counsel (0121)
236 Burruss Hall
800 Drillfield Drive
Blacksburg, VA   24061
Phone:  (540) 231-6293
Fax: (540) 231-6474

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of April , 2021, the foregoing DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF), to the following:

> Thomas E. Strelka, Esq.
> L. Leigh R. Strelka, Esq.
> N. Winston West, IV, Esq.
> Brittany M. Haddox, Esq.
> Monica L. Mroz, Esq.
> STRELKA EMPLOYMENT LAW
> 119 Norfolk Avenue, S.W. Suite 330
> Warehouse Row Roanoke, VA 24011
> Tel: 540-283-0802
> thomas@strelkalaw.com
> leigh@strelkalaw.com
> winston@strelkalaw.com
> brittany@strelkalaw.com
> monica@strelkalaw.com

                                           s/ M. Hudson McClanahan
                                               M. Hudson McClanahan