IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JOHN DAVIS MASSEY, JR.,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 7:21CV00062 |
| ) | |
| **VIRGINIA POLYTECHNIC INSTITUTE** ) | |
| **AND STATE UNIVERSITY \| ** ) | |
| **COMMONWEALTH OF VIRGINIA,** ) | |
| ) | |
|    **Defendant.** ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

COMES NOW Plaintiff, John Davis Massey, Jr., by counsel, and provides this Brief in Opposition to Defendant's Motion to Dismiss [Docket No. 3]. In support of this Brief, Plaintiff, by counsel, provides the following:

**I. RELEVANT FACTS AND PROCEDURAL POSTURE**

A. Relevant Facts

Mr. Massey, a long-term employee of Virginia Tech with an excellent employment record, suffers from a physical impairment that substantially limits major life activities on a long-term basis. (Compl. ¶¶ 8, 10, 11-12). At all times relevant, Virginia Tech was aware of Mr. Massey's physical impairment, and regarded Mr. Massey as having a disability/serious health condition. (Compl. ¶¶ 15-16)

In April of 2019, Mr. Massey required surgery for his disability/serious health condition. *Id*. Although Mr. Massey communicated his diagnosis and need for surgery to his supervisor, at no time did Virginia Tech provide any information regarding protected FMLA leave, nor did Virginia Tech provide any information to Mr. Massey about how

1

such leave could be obtained. (Compl. ¶¶ 18, 20)

Mr. Massey required approximately 10 days of leave to accommodate his surgery and recovery. (Compl. ¶ 17). This period of leave was an accommodation pursuant to the Rehabilitation Act. While on leave, Mr. Massey's supervisor continued to communicate with Mr. Massey regarding work-related obligations. (Compl. ¶ 19). The tone of these communications gave Mr. Massey concern about the permanence of his job. *Id.* In fact, despite the fact that Mr. Massey's health care provider recommended four to six weeks of recovery time, Mr. Massey felt immense pressure to return to his job sooner than recommended, believing that he would be punished or terminated if he remained on leave. *Id.*

In July of 2019, just three months after his surgery, Mr. Massey received a letter from Virginia Tech stating that Mr. Massey's position at Virginia Tech would be "abolished" on October 31, 2019, citing "financial hardship." (Compl. ¶ 21). However, no financial hardship existed within Mr. Massey's Department, thus supporting Mr. Massey's position that the decision to terminate Mr. Massey's employment was merely a pretext for discrimination/retaliation based upon his disability/serious health condition and related medical leave. (Compl. ¶¶ 22-25)

B. Procedural Posture

On July 29, 2019, Virginia Tech notified Mr. Massey that his job was being eliminated. In the letter, Virginia Tech informed Mr. Massey that his job would be eliminated on October 31, 2019. (Compl. ¶¶ 21, 26). On July 27, 2020, less than one year from when Mr. Massey was notified of his job elimination, Mr. Massey filed a Complaint in the Circuit Court of Montgomery County.

On January 13, 2021, Mr. Massey, pursuant to his rights under Virginia state law,

filed a motion for nonsuit in the Circuit Court, which the Circuit Court granted *without prejudice*. (emphasis added). Shortly after taking a nonsuit, on January 29, 2021, Mr. Massey refiled his Complaint in the United States District Court for the Western District of Virginia.

## II. LEGAL STANDARDS

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019). A complaint must contain a "short and plain statement," "plausible" on its face, that entitles a plaintiff to the relief sough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a)(2). A court must accept all factual allegations in a complaint as true and draw all reasonable inferences in favor of the non-moving party. *ACA Fin. Guar. Corp.*, 917 F.3d at 212.

A court should apply a similar standard when evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009).

The Supreme Court, in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), established a framework for when district courts are to apply federal law and state law in the state in which the district court sits. When exercising pendant jurisdiction over state law claims, a district court must look to that state's highest court to determine the law on the matter. *Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 957 F.2d 1153, 1156 (4th Cir. 1992). Statutes of limitations, and tolling provisions, are a matter of substantive law, to which the district court must apply relevant state law. *Guaranty Trust Co. v. York*, 326 U.S. 99 (1945).

## III. RELEVANT LAW AND ANALYSIS

3

**A. Rehabilitation Act claims (Counts II and III) are not time barred.**

This action was originally and timely filed in the Circuit Court for Montgomery County. However, Mr. Massey elected to take a nonsuit, which he is allowed one as a matter of right. *See* Va. Code Ann. § 8.01-380. As provided by Code § 8.01-380(A):

> A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision. After a nonsuit, no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, <u>or when such new proceeding is instituted in a federal court.</u> (emphasis added).

Va. Code § 8.01-380 provides that a new proceeding on the same cause of action can be filed in the court in which the nonsuit was taken or in federal court. Va. Code § 8.01-229(E)(3) tolls the statute of limitations and allows the recommencement of the suit within six months of the nonsuit.

Federal courts in the Fourth Circuit have long held that actions filed in a Virginia state court, including those claims arising under federal question jurisdiction, toll the statute of limitations if a nonsuit order is entered dismissing the action without prejudice. *See Scoggins v. Douglas*, 760 F.2d 535 (4th Cir. 1985) (holding that a litigant who originally filed federal constitutional claims in state court and received an order of nonsuit from the state court, would have made timely filings in U.S. District Court, if he had refiled within six months as outlined in Va. Code § 8.01-380); *Roberts v. Berkle Welding & Fabricating, Inc.*, Civil Action No. 3:17cv315, 2018 U.S. Dist. LEXIS 149519 (E.D. Va. Aug. 31, 2018) (holding that a prior filing of an FLSA action in state circuit court that was nonsuited did not deprive the U.S. District Court of jurisdiction).

**B. State does not have Sovereign Immunity related to FMLA Interference Claim, as Virginia Tech's actions created a chilling effect related to categories of actionable FMLA leave.**

Virginia Tech argues that this Court should dismiss Mr. Massey's claims stemming from violations of the FMLA's "self-care" provision on grounds of sovereign immunity. However, with regard to Mr. Massey's FMLA Interference claim (Count II), dismissing this claim would not simply, as argued by Virginia Tech, deprive Mr. Massey of a recovery. The Fourth Circuit has read the FMLA broadly, in that <u>any</u> conduct by the employer that "impedes, restrains, or denies the exercise of any rights protected by the FMLA" is prohibited. *Reed v. Buckeye Fire Equip.*, 241 F. App'x 917, 924 (4th Cir. 2007).

Indeed, Mr. Massey has alleged that Virginia Tech interfered with his use of FMLA leave by treating him differently, and less favorably, than similarly situated employees not exercising FMLA rights. Moreover, Virginia Tech failed to properly provide the requisite communications related to FMLA leave to Mr. Massey – interfering with the exercise of his FMLA rights, and ultimately resulting in Mr. Massey's termination from employment. Accordingly, such interference prejudiced Mr. Massey and created a chilling effect on his ability to take protected FMLA leave in the future, either for himself or his family, as provided by the FMLA. Put another way, Virginia Tech's interference with Mr. Massey's self-care FMLA leave discouraged Mr. Massey for seeking FMLA leave for purposes in which Virginia Tech's sovereign immunity was appropriately abrogated by Congress.

Additionally, permitting Virginia Tech to proceed with such discriminatory conduct against its employees could very well create a chilling effect that is against the public interest, as it could discourage other Virginia Tech employees from requesting FMLA leave, or from challenging similar unlawful conduct by Virginia Tech, in the future. See, e.g., *Snipes v. Sw. Va. Reg'l Jail Auth.*, 350 F. Supp. 3d 489, 492 (W.D. Va. 2018)

("An employer's conduct may constitute interference with an employee's FMLA rights if it would have a chilling effect and would discourage employees from exercising their FMLA rights.") (internal citation and quotation omitted). The reasonable possibility of such inhibition or discouragement of the legitimate exercise of an employee's protected rights should be taken into consideration in this matter.

Respectfully Submitted,

**JOHN DAVIS MASSEY, JR.**

By: /s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2021, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court through the CM/ECF system, which will send notification to the following:

Kay Heidbreder, Esq. (VSB # 22288)
M. Hudson McClanahan, Esq. (VSB # 46363)
Stephen Capaldo, Esq. (VSB # 74045)
Mark Gess, Esq. (VSB # 71016)
University Legal Counsel (0121)
236 Burruss Hall
800 Drillfield Drive
Blacksburg, VA 24061
Tel: (540) 231-6293
heidbred@vt.edu
hud3@vt.edu
scapaldo@vt.edu
mgess@vt.edu

*Counsel for Defendants*

/s/ Thomas E. *Strelka*