IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

JOHN DAVIS MASSEY, JR.,

    Plaintiff,

v.                                                  Case No. 7:21-cv-62
                                                  Judge Elizabeth K. Dillon

VIRGINIA POLYTECHNIC INSTITUTE
AND STATE UNIVERSITY |
COMMONWEALTH OF VIRGINIA,

    Defendant.

**DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Defendant, Virginia Polytechnic Institute and State University, an agency of the Commonwealth of Virginia, ("Virginia Tech"), by counsel, submits the following reply in further support of its Motion to Dismiss all three counts in the Complaint filed by Plaintiff, John David Massey, Jr., ("Massey" or "Plaintiff").

I.    INTRODUCTION

The U.S. Supreme Court's clear holding in *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012) bars Plaintiff's FMLA self-care claims (Count I) based on sovereign immunity. In addition, Plaintiff did not toll the statute of limitations for his Rehab Act claims (Counts II and III) by filing them in a state court that clearly lacked jurisdiction. Plaintiff's entire Complaint should be dismissed with prejudice.

II.  DISPOSITIVE FACTS

Plaintiff does not dispute the dispositive facts in this case:

1. He attempts to assert claims under the self-care provisions of the Family and Medical Leave Act of 29 U.S.C. § 2601 *et seq*. ("FMLA"). Compl. ¶¶ 11, 13, 15; ECF No. 7 at 5.

2. He filed his two claims related to the Rehabilitation Act of 1973 of 29 U.S.C. § 701 *et seq*. ("The Rehab Act") one year and six months after they accrued, which is six months *after* the one-year Rehab Act statute of limitations period.  ECF No. 7 at 2–3.

These pled and admitted facts prove fatal to Plaintiff's Complaint.  They provide this Court with all it needs to dismiss Counts I, II, and III, with prejudice.

III.  PLAINTIFF ACKNOWLEDGES THAT HIS FMLA CLAIM (COUNT I) MUST BE DISMISSED PURSUANT TO SOVEREIGN IMMUNITY.

Plaintiff fails to address the holding in *Coleman v. Ct. of Appeals of Maryland*, 566 U.S. 30 (2012) and instead argues that this Court should refuse to apply the law because *applying the law* would not only foreclose his claim but have a chilling effect on the claims of others.  In short, Plaintiff acknowledges that he has no claim and for good reason.

*Coleman* arose out of a Fourth Circuit case in which a state employee, like Plaintiff, attempted to assert that a state agency, like Virginia Tech, interfered with his self-care FMLA rights. Compl. ¶¶ 11, 13, 15.  In other words, the facts in *Coleman* and the facts in the case at bar are nearly identical.  The U.S. Supreme Court could not have been more direct in its holding:

> The question in this case is whether a *state employee* is allowed to recover damages from *the state entity that employs him* by invoking one of the provisions of a federal statute that, in express terms, seeks to abrogate the States' immunity from suits for damages. The statute in question is the Family and Medical Leave Act of 1993, 107 Stat. 6, 29 U.S.C. § 2601 *et seq*. The provision at issue requires employers, including state employers, to grant unpaid leave for self-care for a serious medical condition, provided other statutory requisites are met, particularly requirements that the total amount of annual leave taken under all the Act's provisions does not exceed a stated maximum. § 2612(a)(1)(D). *In agreement with every Court of Appeals to have addressed this question, this Court now holds that suits against States under this provision are barred by the States' immunity as sovereigns in our federal system.*

566 U.S. at 33 (emphasis added)(internal citations omitted).

Plaintiff cannot dodge the holding of a U.S. Supreme Court case that is factually and legally on point with the allegations in his Complaint. Plaintiff's Count I FMLA claim must be dismissed.

IV. PLAINTIFF'S REHAB ACT CLAIMS (COUNTS II AND III) WERE NOT TOLLED BY FILING IN STATE COURT AND ARE TIME-BARRED.

Plaintiff does not dispute that Counts II and III are governed by the one-year statute of limitation for Rehab Act claims set forth in *Wolsky v. Med. Coll. of Hampton Roads,* 1 F.3d 222, 225 (4th Cir. 1993). Instead, Plaintiff argues that his claims were tolled by initially filing his claims in state court, which allegedly tolled his claims pursuant to the Virginia non-suit statute and the Virginia statute of limitations. *See* Va. Code § 8.01-229 *et seq.* and Va. Code § 8.01-380 *et seq.*, respectively. Plaintiff's argument fails because Virginia state courts never had jurisdiction over his Rehab Act claims. Plaintiff cannot increase the limitations period by filing federal claims in a state court that clearly did not have jurisdiction.

The Fourth Circuit initially set forth this rule in *Shofer v. Hack Co.*, 970 F.3d 1316 (4th Cir. 1992) and recently reiterated the rule in *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 634 (4th Cir. 2017):

> To avoid the limitations bar, the Woodsons argue that the federal statute of limitations of the NFIA should be tolled by their filing of a complaint in state court, which did occur within one year of the denial-of-coverage letter. This argument, however, is foreclosed by our decision in *Shofer v. Hack Co.*, 970 F.2d 1316 (4th Cir. 1992). In *Shofer*, the plaintiff *timely* filed an ERISA claim in Maryland state court, which dismissed the claim because jurisdiction for the claim lay exclusively in federal court. The plaintiff then filed his claim in federal court, *but after the limitations period had run*. In response to the defendant's motion for summary judgment based on limitations, the plaintiff asserted that his timely filed state action **"should equitably toll the running of the statute of limitations under federal tolling principles."** *Id.* at 1318. We rejected that argument, holding that **"[t]he commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations."** *Id.* at 1319. Likewise, in this case, the Woodsons' argument that their filing in North Carolina state court, one that because of the NFIA clearly lacked jurisdiction, should equitably toll the federal one-year statute of limitations must be rejected. The Woodsons' filing in state court was no more meaningful than the similar state court filing in *Shofer*. And because the state court lacked jurisdiction, the fact that the action was subsequently removed to federal court, rather than dismissed has no impact on the running of the statute of limitations. *See Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 946 (4th Cir. 2002).

855 F.3d at 634.

Plaintiff's argument that filing a federal claim in a Virginia state court is foreclosed because Virginia clearly does not have jurisdiction over Rehab Act claims because the General Assembly has not consented to waive Virginia's sovereign immunity for Rehab Act claims against the Commonwealth in state courts.[1]

---

[1] Plaintiff's reliance on *Scoggins v. Douglas*, 760 F.2d 535 (4th Cir. 1985) and *Roberts v. Berkle Welding & Fabricating, Inc.*, Civil Action No. 3:17cv315, 2018 U.S. Dist. LEXIS

The U.S. Supreme Court holds that the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts. *Alden v. Maine*, 527 U.S. 706 (1999)(deciding that the state of Maine has not consented to suits for overtime pay and liquidated damages under the Fair Labor Standards Act ("FLSA")). Relying exclusively on the "history, practice, precedent, and the structure of the Constitution," not the literal text or unique context of the Commerce Clause, the Court "held that the *States retain immunity from private suit in their own courts*, an immunity beyond the congressional power to abrogate by Article I legislation." *Clark v. Virginia Department of State Police*, 292 Va. 725, 30 (2016)(citing *Alden,* 527 U.S. at 754)(emphasis added).[2]

The *Alden* decision is clear and unqualified: Nonconsenting States cannot be forced to defend "private suits" seeking *in personam* remedies "in their own courts" based upon "the powers delegated to Congress under Article I of the United States Constitution." 527 U.S. at 712 . The Court further stated, "[w]e thus accept it at face value that sovereign immunity is simply beyond the congressional power to abrogate by Article I legislation" under these circumstances. *Id.* at 754.

---

149519 (E.D. Va. Aug. 31, 2018) is misplaced. In *Scoggins*, Plaintiff had filed a § 1983 claim in state court and jurisdiction was not an issue. See *Martinez v. California*, 444 U.S. 277 (1980)(holding that that § 1983 actions may be brought in state courts). In *Berkle*, the issue was that of *res judicata* and abstention, not the statute of limitations.
[2] *Accord* Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627 (1999) (recognizing that "Congress may not abrogate state sovereign immunity pursuant to its Article I powers," including the Patent and Copyright Clause).

As noted above, in *Clark v. Virginia Department of State Police,* 292 Va. 725 (2016), the Supreme Court of Virginia addressed a 1998 amendment to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). The amendment created a private cause of action enforceable against States in their own courts. *See* 38 U.S.C. § 4323(b)(2). The United States, appearing as amicus, urged the Supreme Court of Virginia to hold that the Commonwealth's sovereign immunity was lawfully abrogated by the statutory enactment.

In affirming dismissal of claims by the trial court, the Supreme Court of Virginia held that sovereign immunity barred the USERRA claim against the Virginia State Police, an arm of the Commonwealth, because "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts." 292 Va. at 733.

The Supreme Court of Virginia has clearly articulated that *only* the General Assembly acting in its policy-making capacity can abrogate the Commonwealth's sovereign immunity. *See Commonwealth v. Luzik*, 259 Va. 198, 206-07 (2000). In the absence of such action by the General Assembly, the Virginia state court did not have the necessary jurisdictional authority to entertain the Rehab Act claims asserted by Plaintiff in the Circuit Court of Montgomery County, Virginia. Plaintiff cannot point to any authority to show that the Commonwealth, acting through the General Assembly, has acted to vest Commonwealth courts with jurisdiction to entertain Rehab Act claims against the Commonwealth in its own courts.

In the case at bar, the General Assembly has not waived sovereign immunity for the Commonwealth and its agencies to be sued in its own courts for alleged violations of the Rehab Act; therefore, Plaintiff filed his state court action in a court that clearly was without jurisdiction. This Court must apply the Fourth Circuit's holdings in *Shofer* and *Woodson* and find that Plaintiff's filing of a federal claim in a court that clearly lacked jurisdiction did not toll the statute of limitations and Plaintiff's Rehab Act claims are time-barred.

V.   CONCLUSION

Based on the foregoing arguments and authorities, Defendant moves this Court to grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint in its entirety and to allow Defendant to recover the costs of this action and order such other and further relief as the case requires and this Court may deem proper.

                                  VIRGINIA POLYTECHNIC INSTITUTE
                                  AND STATE UNIVERSITY |
                                  COMMONWEALTH OF VIRGINIA,

                By:     s/ M. Hudson McClanahan
                         Counsel for Defendants

                         Kay Heidbreder (VSB No.: 22288)
                         University Legal Counsel and
                         Senior Assistant Attorney General
                         heidbred@vt.edu

                         M. Hudson McClanahan (VSB No.: 46363)
                         Associate University Legal Counsel and
                         Assistant Attorney General
                         hud3@vt.edu

Stephen Capaldo (VSB No.: 74045)
Associate University Legal Counsel and
Assistant Attorney General
scapaldo@vt.edu

Mark Gess (VSB No.: 71016)
Associate University Legal Counsel and
Assistant Attorney General
mgess@vt.edu

University Legal Counsel (0121)
236 Burruss Hall
800 Drillfield Drive
Blacksburg, VA   24061
Phone:  (540) 231-6293
Fax: (540) 231-6474

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of May, 2021, the foregoing DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF), to the following:

> Thomas E. Strelka, Esq.
> L. Leigh R. Strelka, Esq.
> N. Winston West, IV, Esq.
> Brittany M. Haddox, Esq.
> Monica L. Mroz, Esq.
> STRELKA EMPLOYMENT LAW
> 119 Norfolk Avenue, S.W. Suite 330
> Warehouse Row Roanoke, VA 24011
> Tel: 540-283-0802
> thomas@strelkalaw.com
> leigh@strelkalaw.com
> winston@strelkalaw.com
> brittany@strelkalaw.com
> monica@strelkalaw.com

              s/ M. Hudson McClanahan
              M. Hudson McClanahan