Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

```
                    UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF VIRGINIA
                           ROANOKE DIVISION


****************************************************************

JOHN DAVIS MASSEY, JR.,       CIVIL CASE NO.:  7:21CV62
                              JUNE 22, 2021, 9:58 AM
                              MOTION TO DISMISS VIA ZOOM
          Plaintiff,

vs.

VIRGINIA POLYTECHNIC          Before:
INSTITUTE AND STATE           HONORABLE ELIZABETH K. DILLON
UNIVERSITY COMMONWEALTH       UNITED STATES DISTRICT JUDGE
OF VIRGINIA,                  WESTERN DISTRICT OF VIRGINIA

          Defendant.

****************************************************************

APPEARANCES:


For the Plaintiff:            THOMAS E. STRELKA, ESQUIRE
                              Strelka Employment Law
                              Warehouse Row
                              119 Norfolk Avenue, SW, Suite 330
                              Roanoke, VA 24011
                              540-283-0802


For the Defendant:            MARVIN H. MCCLANAHAN, ESQUIRE
                              Virginia Polytechnic Institute and
                              State University
                              Associate University Legal
                              Counsel & Special Assistant
                              Attorney General
                              236 Burruss Hall (0121)
                              Blacksburg, VA 24601
                              540-231-6293

Court Reporter:   Lisa M. Blair, RPR, RMR, CRR, FOCR
                  255 West Main Street, Suite 304
                  Charlottesville, Virginia  22902
                  434.296.9284

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER.
```

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1 (Proceedings commenced, 9:58 AM)

2            THE COURT:  Good morning.  The United States District
3 Court for the Western District of Virginia is now in session.
4 My name is Elizabeth Dillon.  I'm the judge in this case.

5            Go ahead and call the case, please, Ms. Davis.

6            THE CLERK:  John Davis Massey, Jr. versus Virginia
7 Polytechnic Institute and State University Commonwealth of
8 Virginia, Civil Action Number 7:21CV62.

9            THE COURT:  All right.  We are here today on the
10 defendant's motion to dismiss.  And let me note first that this
11 is a public hearing.  It's been listed on the Court's public
12 calendar, and we've included a telephone number so any member
13 of the public may call in and listen to this hearing.

14            I also note that the Court's ban on broadcasting,
15 recording, and photographing hearings still applies, even
16 though we're by videoconference.  The recording button is on
17 only for court reporter purposes.

18            Also, I note that Zoom has a chat feature that allows
19 you to send text messages to each other during this hearing.
20 Please do not use assuming it is confidential, because it is
21 not.  Ms. Davis will receive those at the end of the hearing,
22 as she is hosting our hearing today.

23            And we have with us today Ms. Davis, our courtroom
24 deputy clerk.  Ms. Blair is our court reporter.  We have
25 counsel.  And it looks like we also have the plaintiff,

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1  Mr. Massey, joining us.  And we have Troy Martell, my law
2  clerk.
3              So this is Virginia Tech's notion.  Mr. McClanahan,
4  would you like to present any argument?
5              MR. MCCLANAHAN:  Yes, Your Honor.  Good morning.
6              THE COURT:  Good morning.
7              MR. MCCLANAHAN:  I represent Virginia Tech.  And we
8  have what we think is a fairly straightforward argument on two
9  different issues.  The plaintiff filed a three-count complaint
10 with two Rehab Act claims and one FMLA claim.
11             And I'd like to start with the FMLA claim.  In
12 reviewing plaintiff's response to our motion, I don't think
13 there's any really dispute about whether the Supreme Court case
14 bars plaintiff's FMLA claim.  We cited authority, based on
15 sovereign immunity, that the FMLA claim cannot be brought
16 against a state actor.  We cited the Coleman case, which is a
17 2012 case, which says that a self-care provision cannot be
18 brought against the state.  And that's exactly what we have
19 here.  In plaintiff's response they cite just a policy case
20 from 2007, which I think the 2012 case would clearly supersede
21 that -- any argument they would have there.  By and large,
22 their claim is foreclosed under FMLA, I guess a state agency.
23 So we would ask that that claim be dismissed.
24             The Rehab Act claims are a bit more nuanced, but
25 they're also as straightforward.  There is no dispute between

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1 the parties that there is a one-year statute of limitations
2 with the Rehab Act claims. There isn't any dispute that
3 Mr. Massey brought his first Rehab Act claim -- or brought the
4 claims in state court within two days of the running of the
5 one-year statute of limitations. The problem was -- and I
6 don't think there is any dispute about this -- is there was
7 never any jurisdiction in state court to hear those claims. So
8 the argument that he received a six-month tolling provision
9 under his nonsuit provision just does not work.
10            We cited a case -- two cases that support that
11 proposition. It's the *Shofer* and *Woodson* cases that are very
12 analogous to this. They say, first of all, in order to take
13 any advantage of the nonsuit statute, you've got to have some
14 jurisdiction. There was no jurisdiction in state court for the
15 Rehab Act claims; therefore, the statute of limitations ran.
16 Now, interestingly, though, even if he wants to back up and do
17 a tolling provision, he only would have had a couple of days
18 after he nonsuited his case to even refile in federal court,
19 which he did not do.
20            So under any analysis, as we see it, the statute of
21 limitations has run on the Rehab claims. Sovereign immunity
22 bars the FMLA claim. So we would ask that all three claims be
23 dismissed with prejudice.
24            THE CLERK: Your Honor, sorry to interrupt.
25 Apparently we're having issues with our public line again. So

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1  I'm trying to get that fixed.
2              Lisa, you can't hear anything on there?
3              THE REPORTER:  No.
4              THE COURT:  Okay.  You can check with them.  We'll
5  pause for a moment, Counsel.
6              (Brief pause)
7              Is there any objection, Counsel, if we move forward
8  with arguments, despite the fact that the public line isn't
9  working, Mr. Strelka?
10             MR. STRELKA:  No objection.
11             THE COURT:  Mr. McClanahan?
12             MR. MCCLANAHAN:  No, Your Honor.
13             THE COURT:  All right.  Well, it's dinging at us now.
14 I don't know what that means.
15             THE CLERK:  I don't hear anything.  They say they're
16 working on it.  So I'll let you know if it gets reconnected.
17             THE COURT:  All right.  Mr. McClanahan, you had
18 finished your argument.  So we'll hear any opposition from
19 Mr. Strelka.
20             MR. STRELKA:  Thank you, Your Honor.  Good morning.
21             THE COURT:  Good morning.
22             MR. STRELKA:  I hope the Court is staying dry this
23 morning.
24             May it please the Court, Thomas Strelka here on
25 behalf of Mr. Massey in this matter.  I'll briefly address the

1 arguments on Count One FMLA claims and Counts Two and Three,
2 the Rehab Act claims.
3       I recognize the precedential authority regarding
4 FMLA. And to be honest -- and I recognize that this Court is
5 bound, of course, but precedential authority. And this is a
6 case, to be very forthright -- I recognize --
7       (Technical interruption.)
8       THE COURT: My apologies. Hold on just a moment.
9       MR. STRELKA: I recognize the ruling and why the
10 self-care provisions, because there was ultimately a link
11 toward how -- the difference between self care and family care
12 and gender inequality. And I recognize that argument.
13       But there's another argument that at a place of
14 employment when an employee takes leave, some form of medical
15 leave, it's typically confidential, and other employees are not
16 going to be aware of the nature of that leave; for instance,
17 whether it actually is self care or whether it actually is
18 family care. And the current state of the law has an absolute
19 chilling effect on individuals who would otherwise be qualified
20 under FMLA for those who wanted to proceed with -- for
21 instance, employees at Virginia Tech who wanted to proceed with
22 leave under family care and not self care are going to be
23 unaware of the nature of other people's leave. And when they
24 see that the employer is not providing FMLA, not following the
25 regulations of FMLA regardless of its self care, family care,

1  that it creates a chilling effect which can lead to
2  interference.
3        That's the argument.  I understand the Court's likely
4  position on that, but --
5        THE COURT:  Well, and you understand, Mr. Strelka,
6  that that would be the case in any interference self-care
7  claim, correct?
8        MR. STRELKA:  Sure.  Absolutely.  Let's proceed,
9  then, to the Rehab Act claims.
10       THE COURT:  All right.  I appreciate your
11 acknowledgment of the U.S. Supreme Court case that would --
12 that I am bound to follow.
13       MR. STRELKA:  Right.  Again, sometimes, you know, we
14 take cases that we attempt to move -- advance into the higher
15 echelons, and I think there's a good argument there.  And so
16 that's the significance of that.
17       THE COURT:  I understand that, Mr. Strelka.
18       MR. STRELKA:  Moving into the Rehab Act claims, the
19 cases -- there's a couple of distinctions between the cases
20 that Virginia Tech has cited regarding timeliness.  And there's
21 a couple of distinctions regarding the Rehab Act itself, and
22 the laws that those cases discuss and analyze.  First, the
23 Rehab Act is one of those laws that already kind of has one
24 foot in state law, because it borrows the state statute of
25 limitations.  It gets it from the Virginians with Disabilities

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1 Act. There is a 2016 Eastern District case -- excuse me, I
2 apologize. There's a 2016 Fourth Circuit case, *Semenova* --
3 S-E-M-E-N-O-V-A -- *versus Maryland Transit Administration.*
4 This case analyzes the fact that state law is used for a Rehab
5 Act claim, and that state agencies can waive the statute of
6 limitations once they accept the federal grants. And so we
7 would argue first that because the Rehab Act is a law that
8 borrows state statute of limitations, and that filing in state
9 court and filing a nonsuit and then filing the second action in
10 federal court within the six months of the nonsuit, that it
11 does create tolling of the provision.
12             Secondly --
13             THE COURT: Did it create jurisdiction in the state
14 court, Mr. Strelka?
15             MR. STRELKA: First off, there was no ruling that --
16 there was no dismissal or ruling in the state court regarding
17 jurisdiction. The nonsuit was taken before that. And I want
18 to walk through a little bit about that, just looking at the
19 statute itself.
20             So the statute itself, if you go to the Rehab Act,
21 and you go to the remedies, and you go to where is -- you know,
22 what does a litigant to do? How does a plaintiff get a remedy
23 here and address a claim? The Rehab Act specifically refers to
24 using the procedures under Title VII of the Civil Rights Act.
25 And so if you -- and it cites a specific section of the Civil

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1 Rights Act. And if you go to that section, because this is

2 kind of like an ADA case, Your Honor, we had a couple of years

3 ago where you bounce around the laws a little bit due to the

4 references.

5 But it says -- if you go to that section it says,

6 Provisions of Section 2000e subsection 5(f)(K) of this title

7 shall govern civil actions brought hereunder. And then follow

8 that, it talks about where -- where you can file suit. And I

9 am at -- the section of the law here is 42 U.S. Code Section

10 2000e-5.

11 THE COURT: And that's Title VII?

12 MR. STRELKA: That's Title VII, which the Rehab Act

13 embraces the procedures for as a change in the statute itself.

14 If you go to subsection F, it talks about how to initiate a

15 civil action. It talks about where the commission may bring a

16 civil action and the attorney general. And the commission and

17 the attorney general it says may bring an action in United

18 States District Court. And then the rest of the statute talks

19 about the person or persons aggrieved and whether they can have

20 a right to a claim. And there is absolutely zero language

21 within this section, section F -- subsection F of 42 U.S. Code

22 Section 2000e-5 that says that a plaintiff, a person aggrieved

23 under Title VII, must file in U.S. District Court. That

24 language is not in there. But that language was in the case

25 cited by my colleague, I believe the *Woodson* case, because the

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1  *Woodson* case regards the National Flood Insurance Act, which
2  specifically states that a litigant -- a private individual
3  must bring that action within U.S. District Court.  Again, that
4  language is not contained within Title VII.  It's related to an
5  attorney general.  It's there for if the commission advances a
6  case, that's where it's supposed to go, but not -- there's no
7  limitation within that language provided to a private
8  individual.
9          So we argue here on this prong that the statute
10 itself, just by following the provisions and the references and
11 the procedures for how it's to be brought, that there is no
12 limitation, that a Rehab Act, you know, if bound by the
13 procedures of Title VII and the state has waived sovereign
14 immunity -- which they have by accepting the grants -- can
15 bring the case in a court of general jurisdiction, which
16 includes a state circuit court.  And so this would again
17 further toll the statutes of limitation.
18         THE COURT:  Can you provide me with any case law,
19 Mr. Strelka?
20         MR. STRELKA:  Yeah, there's -- I can.  Bear with me a
21 moment.
22         THE COURT:  It would help if you put these arguments
23 in your briefing, which is the appropriate time to make
24 arguments, Mr. Strelka, so the Court can be prepared and the
25 other party can be prepared to respond to your arguments.

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1     MR. STRELKA: Your Honor, all of the -- the *Woodson*
2 case that was cited by my colleague across the aisle was in the
3 reply brief. The majority of the language regarding these
4 arguments and these defenses --
5     THE COURT: Mr. Strelka, you're making an argument
6 that's not included in your briefs; would you agree?
7     MR. STRELKA: I am responding to --
8     THE COURT: I'm looking at your brief right now.
9     MR. STRELKA: Yes, Your Honor. I agree to that
10 language that you just mentioned, but what is also true is that
11 I'm addressing arguments that were raised by my colleague in
12 their reply brief. And so, you know, that's why we're here. I
13 apologize. But I'd ask the Court -- bear with me.
14     THE COURT: Any case that says that state court has
15 jurisdiction over Rehab Act case.
16     MR. STRELKA: Well, see -- there is a case that I'd
17 like to highlight here, *Payne versus Brake,* which is a -- it's
18 a Charlottesville case in the Western District, Judge Moon,
19 Civil Action Number 3:2CV78, in which it contemplates the
20 filing of a state court action under 42 U.S.C. 1983; and
21 mentions in that case that even though that's a federal action
22 filed in state court and --
23     THE COURT: There's concurrent jurisdiction. State
24 courts have jurisdiction over Section 1983 claims. That's
25 clear. That's clear law.

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1    MR. STRELKA:  Right.  And so I would argue that
2  because of the statutory framework that's present in the Rehab
3  Act, which leads to Title VII, which embraces -- it doesn't
4  constrain, like the plaintiff in *Woodson*, the filing in United
5  States District Court, the Rehab Act also has concurrent
6  jurisdiction.
7    THE COURT:  Any case that says that?
8    MR. STRELKA:  Your Honor, there are very few cases
9  that litigate -- that opine upon the Rehab Act.  So no, I have
10 not found one on point.  But the Rehab Act, again, borrows from
11 state law, the state statute of limitations.  The Virginians
12 with Disabilities Act has been called an analogous act under
13 the law.  The Virginians with Disabilities Act would apply
14 itself.  It has a specific carve-out that says unless the
15 defendant is a --
16   THE COURT:  Any case law, Mr. Strelka, that says when
17 you borrow a state statute of limitations, that that gives the
18 state court jurisdiction?
19   MR. STRELKA:  It's contemplated in the cases that
20 I've mentioned.  It's contemplated -- again, because this is --
21 if we were talking about a federal law that limits your filing
22 within the statute itself to U.S. District Court, that's a
23 different story, and that would not toll.  But that's not what
24 we're talking about.  It's a law that borrows the state statute
25 of limitations, and the procedures for filing it embrace filing

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

```
 1  it outside of the U.S. District Court.  There's no limitation,
 2  unlike the plaintiff in Woodson, to file in U.S. District
 3  Court.
 4           THE COURT:  Anything else?
 5           MR. STRELKA:  No, Your Honor.
 6           THE COURT:  All right.  Mr. McClanahan?
 7           MR. MCCLANAHAN:  Your Honor, if I may, I would just
 8  say I don't know if I completely understood Mr. Strelka's
 9  argument, but I think it's kind of like bringing a knife to a
10  gunfight in that we have cited a couple of cases that go
11  beyond -- I think he's arguing that there is no statutory
12  prohibition, but we are saying that there is a constitutional
13  prohibition.  And we cited the Alden case, first of all, where
14  the U.S. Supreme Court says that you can't sue states in their
15  own courts if they're non-consenting; and then the recent
16  Virginia Supreme Court case that says only the General Assembly
17  can provide state courts with the jurisdiction to hear these
18  claims, none of which have been refuted by Mr. Strelka.  So we
19  would ask that based upon those claims, that our motion be
20  granted.
21           Also, as the Court recognized in the Woodson case
22  that had been alluded to, those are completely different
23  issues.  They were not dealing with a statute of limitations
24  cases.  I think they were dealing with 1938 claims, which there
25  is concurrent jurisdiction.  So we would ask that our motion be
```

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

```
 1  granted, Your Honor.
 2              THE COURT:  Mr. Strelka, any cases you have that
 3  would indicate that the Commonwealth of Virginia has somehow
 4  consented to being sued in its own courts?
 5              MR. STRELKA:  I do not have that case, but at the
 6  same token, the law itself permits it.
 7              THE COURT:  Any other argument from counsel?
 8              MR. STRELKA:  No, Your Honor.
 9              MR. MCCLANAHAN:  Not from defendant, Your Honor.
10              THE COURT:  All right.  I'm granting -- I plan to
11  grant the motion to dismiss.  I will follow up with a written
12  opinion and order in this case, and then Mr. Strelka can do
13  with that what he wishes with regard to the arguments he has
14  preserved.  But I am granting the motion to dismiss.  Clearly,
15  there is no FMLA interference claim.  I'm bound by the U.S.
16  Supreme Court precedent.  And any argument to change that will
17  be decided by those with more authority than I have.  But I
18  also find that the state court did not have jurisdiction.  So
19  when the state court is without jurisdiction, the tolling
20  provisions by equity or statute don't apply because there is no
21  jurisdiction in the state court.  So nothing can happen there.
22  There is nothing there to work with.  So the statute of
23  limitations has run under the Rehab Act claims.  But I will --
24  I will follow up with a written opinion and order.
25              So we will not have our Rule 16 conference in light
```

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

1  of that.  Anything else we need to take up in this case?

2           Mr. Strelka?

3           MR. STRELKA:  No, Your Honor.

4           THE COURT:  All right.  Mr. McClanahan?

5           MR. MCCLANAHAN:  No, Your Honor.

6           THE COURT:  All right.  Very well.  Thank you for

7  participating by videoconference and stay well.  With that, we

8  are in recess.

9  (Proceedings concluded, 10:25 AM)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Massey v. Virginia Polytechnic Institute and State University
Commonwealth of Virginia, 7:21CV62, 6/22/2021

C E R T I F I C A T E

I, Lisa M. Blair, RMR/CRR, Official Court Reporter for the United States District Court for the Western District of Virginia, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a correct transcript of the proceedings reported by me using the stenotype reporting method in conjunction with computer-aided transcription, and that same is a true and correct transcript to the best of my ability and understanding.

I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

/s/ Lisa M. Blair                    Date: October 20, 2021