IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN DAVIS MASSEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 7:21cv00062 |
| ) | |
| VIRGINIA POLYTECHNIC INSTITUTE ) | By: Elizabeth K. Dillon |
| AND STATE UNIVERSITY, ) | United States District Judge |
| COMMONWEALTH OF VIRGINIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff John Davis Massey has sued his former employer, Virginia Polytechnic Institute and State University (Virginia Tech), an agency of the Commonwealth of Virginia, alleging claims under the Family and Medical Leave Act (FMLA) and the Rehabilitation Act of 1973. Virginia Tech moves to dismiss for failure to state a claim and for lack of subject matter jurisdiction. (Dkt. No. 3.)

The court agrees with Virginia Tech that Massey's FMLA claim is barred by sovereign immunity and Massey's Rehabilitation Act claims are time-barred. Therefore, and for the reasons stated on the record at the hearing, Virginia Tech's motion will be granted.

I. BACKGROUND[1]

Massey began work for Virginia Tech in September of 2009 as an Assistant Director of Professional Development. The Office of Professional Development is a division of Virginia Tech Human Resources. Massey was eventually promoted to Director of Professional Development.

---

[1] The following factual background is taken from plaintiff's complaint, which the court accepts as true for purposes of defendant's Rule 12(b)(6) motion.

In April of 2019, Massey required surgery to alleviate chronic symptoms from a double hernia. Massey communicated the need for surgery to his supervisor, Martin Daniels, Assistant Vice President of Human Resources. Massey missed approximately ten days of work in April 2019 to accommodate his surgery and recovery. Massey alleges that this period of leave was an accommodation pursuant to the Rehabilitation Act, not FMLA leave. (Compl. ¶ 16 ("At no time did [Vice President of Human Resources Bryan] Garey or anyone else make any reference to FMLA leave nor did any one [sic] at Virginia Tech provide any information to Mr. Massey about how such leave could be obtained."); *Id.* at ¶ 17.)

In July of 2019, Massey received a letter from Daniels indicating that Massey's job had been abolished, effective October 31, 2019. Massey's employment was terminated on that date.

## II.  DISCUSSION

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A Rule 12(b)(1) motion may allege that sovereign immunity is a jurisdictional bar against the claim. *Cunningham v. Gen. Dynamics Info. Tech, Inc.*, 888 F.3d 640, 649 (4th Cir. 2018).

### B.  Plaintiff's FMLA Claim is Barred by Sovereign Immunity

Massey alleges that Virginia Tech interfered with his use of FMLA leave by "treating him differently, and less favorably, than similarly situated employees not exercising FMLA rights and failing to properly provide FMLA leave or the requisite notices/communications

2

related to possible leave, thus impeding Mr. Massey's exercise of his FMLA rights, and ultimately resulting in Mr. Massey's termination." (Compl. ¶ 38.)

Massey's claim (count one) falls under the "self-care" provision of the FMLA, which provides that an employee may take leave for a serious health condition that makes the employee unable to perform the functions of the position of such employee. 29 U.S.C. § 2612(a)(1)(D). In 2012, the Supreme Court held that a state is entitled to sovereign immunity when sued under the self-care provision. *See Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). In *Coleman*, the Court held as follows:

> The question in this case is whether a state employee is allowed to recover damages from the state entity that employs him by invoking one of the provisions of a federal statute that, in express terms, seeks to abrogate the States' immunity from suits for damages. The statute in question is the [FMLA]. The provision at issue requires employers, including state employers, to grant unpaid leave for self-care for a serious medical condition, provided other statutory requisites are met, particularly requirements that the total amount of annual leave taken under all the Act's provisions does not exceed a stated maximum. [29 U.S.C.] § 2612(a)(1)(D). In agreement with every Court of Appeals to have addressed this question, this Court now holds that suits against States under this provision are barred by the States' immunity as sovereigns in our federal system.

*Id.* at 33. Because Virginia Tech is an agency of the Commonwealth of Virginia, Massey's FMLA claim is barred by sovereign immunity.

In response, Massey complains that Virginia Tech's failure to communicate with him about the possibility of FMLA leave chilled the exercise of his FMLA rights. This argument fails because Massey did not have any rights under the self-care provision respecting his employment at Virginia Tech. Massey also argues that the Fourth Circuit has construed the FMLA "broadly" to encompass any conduct that "impedes, restrains, or denies the exercise of any rights protected by the FMLA." *Reed v. Buckeye Fire Equip.*, 241 F. App'x 917, 924 (4th

3

Cir. 2007). Not so broadly, of course, to circumvent a ruling of the United States Supreme Court.

### C. Motion to Dismiss for Failure to State a Claim

To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads factual content that allows the court to draw a "reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678. A statute of limitations defense is characterized as an "affirmative defense, which can be the basis of a motion to dismiss under Rule 12(b)(6)." *Dickinson v. Univ. of N.C.*, 91 F. Supp. 3d 755, 763 (M.D.N.C. 2015) (citing *Dean v. Pilgrim's Price Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)). For a statute-of-limitations defense to succeed at this stage, "all facts necessary to show the time bar must clearly appear 'on the face of the complaint.'" *Id.* (citing *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007)).

### D. Plaintiff's Rehabilitation Act Claims are Time-Barred

Count two and three of Massey's complaint are alleged pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The statute of limitations on such claims brought in federal court in Virginia is the same as the one-year statute of limitations set forth in the Virginians with Disabilities Act. *Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 225 (4th Cir. 1993); *see* Va. Code § 51.5-46 ("An action may be commenced pursuant to this section any time within one year of the occurrence of any violation of rights under this chapter."). Massey's claim accrued, at the latest, on October 31, 2019, when his employment was terminated. Massey did not file this action until January 29, 2021. Therefore, Massey's Rehabilitation Act claims are time-barred.

Massey argues that his claims are not time-barred because he filed a timely suit in the Circuit Court for Montgomery County, and then elected to take a nonsuit. *See* Va. Code § 8.01-380(A) (describing nonsuit procedure). The nonsuit, according to Massey, tolled the limitations period. *See* Va. Code § 8.01-229(E)(3) ("If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action . . . and the plaintiff may recommence his action within six months from the date of the order entered by the court."). The tolling provision does not apply, however, because state courts do not have jurisdiction over Rehabilitation Act claims. *See Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 634 (4th Cir. 2017) ("The commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations.") (quoting *Shofer v. Hack Co.*, 970 F.3d 1316, 1319 (4th Cir. 1992)). Nonconsenting states cannot be subject to private suits for damages in state courts. *See Alden v. Maine*, 527 U.S. 706, 712 (1999). The General Assembly for the Commonwealth of Virginia has not acted to vest Commonwealth courts with jurisdiction to entertain Rehabilitation Act claims against the Commonwealth. *See Commonwealth v. Luzik*, 524 S.E. 2d 871, 876 (Va. 2000) ("[O]nly the legislature acting in its policy-making capacity can abrogate the Commonwealth's sovereign immunity.").

For these reasons, Massey's Rehabilitation Act claims are time-barred.[2]

---

[2] At the hearing, Massey argued that the statutory language of the Rehabilitation Act supports jurisdiction over Rehabilitation Act claims in state court. This argument, aside from being incorrect, is waived because it was not included in Massey's response brief. *See, e.g.*, *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in his opening brief or by failing to develop his argument—even if his brief takes a passing shot at the issue.").

## III.  CONCLUSION

For the foregoing reasons, the court will grant Virginia Tech's motion to dismiss.  The court will issue an appropriate order.

Entered: March 21, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge