**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1320

JOHN DAVIS MASSEY, JR.,

    Plaintiff – Appellant,

  v.

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY, Commonwealth of Virginia,

    Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Elizabeth Kay Dillon, District Judge. (7:21-cv-00062-EKD)

Argued: May 3, 2023                    Decided: July 31, 2023

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by published opinion. Senior Judge Traxler wrote the opinion, in which Judge Wynn and Judge Richardson joined.

**ARGUED:** Thomas Eugene Strelka, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant. Annie Chiang, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF:** L. Leigh R. Strelka, N. Winston West, IV, Brittany M. Haddox, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant. Jason S. Miyares, Attorney General, Charles H. Slemp, III, Chief Deputy Attorney General, Andrew N. Ferguson, Solicitor General, Erika L. Maley, Principal Deputy Solicitor General, Lucas W.E. Croslow, Deputy Solicitor General,

OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

TRAXLER, Senior Circuit Judge:

John Massey filed a lawsuit in Virginia state court asserting federal claims against his former employer, Virginia Polytechnic Institute and State University ("Virginia Tech"). Massey took a voluntary nonsuit of that action, as was his right under Virginia law, and refiled the action in federal district court about ten days later. The district court granted Virginia Tech's motion to dismiss the case on statute of limitation grounds. Massey appeals, arguing that under Virginia law, a voluntary nonsuit tolls the limitations period as long as the action is refiled within six months after the nonsuit was granted. Because he satisfied that condition, Massey contends his action was timely filed in federal court. As we will explain, we agree with Massey, and we therefore vacate the district court's order and remand for further proceedings on Massey's complaint.

I.

John Massey, a long-term employee of Virginia Tech, had a double hernia that caused pain and limited his daily life activities. Massey had surgery in April 2019 and took ten days of leave to recover. On July 29, 2019, Virginia Tech informed Massey that his position would be abolished on October 31, 2019, because of financial issues. Believing that his termination was actually retaliation based on his disability and his need for medical leave, Massey filed an action against Virginia Tech in Virginia state court on July 27, 2020, asserting claims under § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794.[1] Virginia

---

[1] Massey's complaint also included a claim under the Family Medical Leave Act. The district court dismissed that claim as barred by sovereign immunity, and Massey does not pursue it on appeal.

Tech filed a demurrer and plea in bar, arguing, among other things, that sovereign immunity barred Massey's claims.

In January 2021, before the state court addressed the merits of Virginia Tech's defenses, Massey filed a motion for a voluntary nonsuit (or dismissal), which is permitted once as a matter of right under Virginia law. *See* Va. Code § 8.01–380(A) & (B). The district court granted the motion on January 18, 2021, and dismissed Massey's complaint without prejudice. Massey refiled his complaint in federal district court on January 29, 2021.

Virginia Tech moved to dismiss the complaint, arguing that the RA claim was not filed within the applicable one-year limitation period. Massey argued in response that the claim was timely because Virginia's nonsuit statute tolled the statute of limitations. In its reply brief, Virginia Tech argued that because Virginia has not waived sovereign immunity for RA claims filed in state court, the state court never had jurisdiction over Massey's complaint and the nonsuit and tolling statutes were inapplicable. *See Afzall v. Commonwealth*, 639 S.E.2d 279, 281 (Va. 2007) ("[I]f sovereign immunity applies, the court is without subject matter jurisdiction to adjudicate the claim."); *Shofer v. Hack Co.*, 970 F.2d 1316, 1319 (4th Cir. 1992) ("The commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations.").

The district court granted the motion to dismiss. The court concluded that because the state had not waived sovereign immunity to claims under the RA, the state court did

4

not have subject-matter jurisdiction over Massey's complaint and the tolling statute was therefore inapplicable. This appeal followed.

II.

The Rehabilitation Act does not contain its own statute of limitations. "When a federal statute, like the Rehabilitation Act, does not set forth a statute of limitations, federal courts borrow the state statute of limitations that applies to the most analogous state-law claim." *Ott v. Maryland Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 659 (4th Cir. 2018) (cleaned up).

In Virginia, the most analogous state law is the "Virginia Rights of Persons with Disabilities Act, [which] was modeled after and is almost identical to the Rehabilitation Act." *Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 224 (4th Cir. 1993). Claims under the Virginia act are subject to a one-year limitation period, *see id.*, which means that, as the district court held, Massey's claims under the RA are likewise subject to a one-year limitations period. Massey's claims accrued on October 31, 2019, when he was terminated. Massey's state court complaint was filed on July 27, 2020, within the one-year period. His federal court action, however, was not filed until January 29, 2021.

When determining whether Massey's complaint was timely filed in federal court, however, we must also take into account Virginia's law regarding the tolling of limitation periods. That is, when we borrow a state limitations period, all relevant state rules governing the tolling of the limitations period come along with it. *See Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 485 (1980) ("'[B]orrowing' logically include[s] rules of tolling . . . ."); *Shofer*, 970 F.2d at 1320 ("In applying the state statute

5

of limitations, the court must also apply state principles of tolling to that limitation period.").

Virginia law permits a plaintiff to take a voluntary nonsuit—a voluntary dismissal without prejudice—"before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Va. Code § 8.01–380(A). If that timing requirement is satisfied, the "plaintiff is entitled to one nonsuit as a matter of right . . . without further analysis of prejudice to the defendant." *Bremer v. Doctor's Bldg. P'ship*, 465 S.E.2d 787, 791 (Va. 1996).

A plaintiff who takes a voluntary nonsuit in accordance with the requirements of the statute is entitled to the benefit of "the tolling provisions of subdivision E 3 of § 8.01-229." Va. Code § 8.01–380(E). That portion of the tolling statute states that

> [i]f a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, *the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, regardless of whether the statute of limitations is statutory or contractual, and the plaintiff may recommence his action within six months from the date of the order entered by the court*, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Va. Code Ann. § 8.01-229(E)(3) (emphasis added).

In this case, the state court granted Massey's nonsuit on January 18, 2021, and Massey filed his federal complaint on January 29, 2021, well within the six months granted by the statute. It would thus appear from the plain language of the statutes that Massey

6

complied with the requirements of the nonsuit statute and is entitled to the tolling of the limitations period granted by Va. Code Ann. § 8.01-229(E)(3).

When concluding that Massey was not entitled to tolling, the district court relied on our decision in *Shofer*, which held that "[t]he commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." *Shofer*, 970 F.2d at 1319; *accord Woodson v. Allstate*, 855 F.3d 628, 634 (4th Cir. 2017) (rejecting argument that state-court action equitably tolled the limitations period set by National Flood Insurance Act because the Act gives federal courts exclusive jurisdiction). We agree with Massey that *Shofer* and *Woodson* are not controlling of the issue presented in this appeal.

First, *Shofer* and *Woodson* both involved claims subject to the exclusive federal jurisdiction—an ERISA breach-of-fiduciary claim in *Shofer*, *see* 970 F.2d at 1319; and a claim under the National Flood Insurance Act in *Woodson*, *see* 855 F.3d at 633-34. As to claims brought under the Rehabilitation Act, however, state and federal courts have *concurrent* jurisdiction. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990).[2] Accordingly, the state circuit court where Massey first filed his complaint was not a "clearly inappropriate forum," as it was in *Shofer* and *Woodson*.

---

[2] In *Yellow Freight Systems v. Donnelly*, 494 U.S. 820 (1990), the Supreme Court held that state courts have concurrent jurisdiction over Title VII claims because there is a presumption of concurrent jurisdiction and Title VII's enforcement provision, 42 U.S.C. § 2000e–5(f)(3), "contains no language that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction." *Id.* at 823. Because 42 U.S.C. § 2000e–5(f)(3) is also the enforcement provision for the RA, *see* 29 U.S.C. § (Continued)

7

Virginia Tech nonetheless insists that the state court was an inappropriate forum within the meaning of *Shofer* and *Woodson* because Virginia retains sovereign immunity against RA claims in state court.[3] As Virginia Tech argues, Virginia law treats sovereign immunity as a question of subject-matter jurisdiction, *see Afzall,* 639 S.E.2d at 281, and Virginia has not passed a law consenting to private suits asserting violations of the RA. Virginia Tech therefore argues that the state court was a clearly inappropriate forum under *Shofer* and *Woodson* and that Massey is not entitled to tolling. We disagree.

---

794a, we agree with Massey that states courts are authorized to hear cases asserting claims under the RA.

In a ruling Massey challenges on appeal, the district court concluded that Massey waived any argument about concurrent jurisdiction because he did not include it in his response to Virginia Tech's motion to dismiss and raised the issue for the first time during the hearing on the motion to dismiss. Massey points out that Virginia Tech initially moved to dismiss on statute-of-limitations grounds only and first raised the issue of sovereign immunity in its reply to Massey's argument that he was entitled to tolling, and he contends that the hearing on the motion to dismiss was therefore his first opportunity to respond to the sovereign-immunity argument. While the district court's finding of waiver gives us pause, we need not decide whether the ruling was error. Even if Massey did not timely raise the issue below, that would not preclude our consideration of it. The applicability of Virginia's tolling statute is properly before this court, and whether state courts have concurrent jurisdiction over RA claims is a question of law that we are free to consider and apply if required when resolving the issue on appeal. *See Kamen v. Kemper Fin. Servs., Inc.,* 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").

[3]     Although federal law permits states to exercise jurisdiction over RA claims, sovereign immunity, unless waived, protects states from private suits filed against them, even if the suit is filed in state court. *See Alden v. Maine*, 527 U.S. 706, 754 (1999) ("In light of history, practice, precedent, and the structure of the Constitution, we hold that the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by Article I legislation.").

8

The ERISA fiduciary-duty claim at issue in *Shofer* and the flood-insurance claim in *Woodson* were both subject to express statutory limitation periods that did not mention the possibility of tolling. Thus, the question before the *Shofer* and *Woodson* courts was the availability of *equitable* tolling under federal law. *See Shofer*, 970 F.2d at 1319 ("Because the state court clearly lacked jurisdiction over the ERISA fiduciary duty claims, . . . equitable tolling under federal tolling principles is not appropriate in this case."); *Woodson*, 855 F.3d at 634 (explaining that under *Shofer*, "the Woodsons' argument that their filing in North Carolina state court, one that because of the NFIA clearly lacked jurisdiction, should equitably toll the federal one-year statute of limitations must be rejected"). As we have already explained, however, in this case we are borrowing the limitations period and tolling rules from Virginia, and the question we must resolve is whether tolling is available under Virginia law. Because *Shofer* and *Woodson* were applying federal law, not Virginia law, those cases do not provide the rule of decision in this case. Instead, the question we must answer is whether, under Virginia law, Massey is entitled to the benefits of the tolling statute after voluntarily nonsuiting his original state court action.

Virginia Tech contends that question must be answered in the negative. Relying on *Morrison v. Bestler*, 387 S.E.2d 753 (Va. 1990), and *McManama v. Plunk*, 458 S.E.2d 759 (Va. 1995), Virginia Tech argues that a nonsuit order is valid only if the court issuing the order has subject-matter jurisdiction over the case. *See Morrison*, 387 S.E.2d at 758 ("Because we have determined that the trial court had subject matter jurisdiction over the first motion for judgment filed by Morrison, the order granting Morrison a voluntary nonsuit was a valid order."); *McManama*, 458 S.E.2d at 762 ("The trial court had subject

9

matter jurisdiction over the first action enabling it to properly enter an order granting plaintiff a voluntary nonsuit." (citing *Morrison*, 387 S.E.2d at 758)). And because Virginia courts lack subject matter jurisdiction to adjudicate claims where sovereign immunity applies, *Afzall*, 639 S.E.2d at 281, Virginia Tech contends that the nonsuit order issued in this case is void and the special tolling rule for voluntary nonsuits is inapplicable. We disagree.

Virginia Tech's argument conflates Virginia's concepts of "potential jurisdiction" and "active jurisdiction," which Virginia courts often group under the umbrella of subject-matter jurisdiction. In *Ghameshlouy v. Commonwealth*, 689 S.E.2d 698 (Va. 2010), the Supreme Court of Virginia explained that

> [s]ubject matter jurisdiction, perhaps best understood as the "potential" jurisdiction of a court, is the authority granted to it by constitution or statute over a specified class of cases or controversies, and becomes "active" jurisdiction, the power to adjudicate a particular case upon the merits, only when various elements are present.

*Id.* at 702-03. "[T]o render a judgment *on the merits,* a court must possess both active and potential jurisdiction." *Whitt v. Commonwealth*, 739 S.E.2d 254, 261 (Va. Ct. App. 2013) (en banc). "A court may lack active jurisdiction and thus be foreclosed from resolving the merits of a case but nevertheless have the authority to adjudicate ancillary issues such as permitting an amendment to a pleading or adjudicating a dispute over whether all the necessary parties are properly before the court." *Id.*

While a successful assertion of sovereign immunity deprives the court of the active jurisdiction to adjudicate the merits of that particular case, an order granting a voluntary nonsuit is not a decision on the merits, *see Sheets v. Castle*, 559 S.E.2d 616, 620 (Va. 2002),

10

and active jurisdiction over the merits of the case is not required for its issuance. As we will explain, *Morrison* makes it clear that a nonsuit order is valid so long as the court has *potential jurisdiction* over the case.

In *Morrison*, the plaintiff filed a complaint alleging medical malpractice in Virginia circuit court the day before serving the doctor the statutorily required notice of the claim. Because Virginia law required a medical malpractice plaintiff to wait ninety days after giving notice before filing a complaint, the doctor moved to dismiss the complaint. *See* 387 S.E.2d at 754-55. Before the trial court ruled on the motion to dismiss, the plaintiff moved for a voluntary nonsuit, which the court granted. By then it had been more than ninety days since the plaintiff gave notice to the doctor, so the plaintiff refiled the action the same day that the nonsuit was granted. *See id.* at 755.

The statute of limitations expired after the first complaint was filed, but before the nonsuit was granted and the case was refiled, and the doctor moved to dismiss the case as untimely. The doctor argued that because the plaintiff did not comply with the notice statute, the court lacked jurisdiction over the first complaint, which rendered the nonsuit order void and prevented the plaintiff from benefitting from the tolling provisions applicable after a voluntary nonsuit. *See id.* at 755. The trial court agreed and held that it did not have "actual active jurisdiction" over the first case and, therefore, that the nonsuit order was prohibited and did not operate to toll the limitations period. *Id*.

The supreme court rejected that analysis. The supreme court explained that subject-matter jurisdiction is "the authority granted through constitution or statute to adjudicate a class of cases or controversies." *Id*. Because medical malpractice cases are torts, and the

11

Virginia General Assembly vested circuit courts with jurisdiction to resolve cases involving torts, *see id.* at 757, the *Morrison* court held that the circuit court had subject matter jurisdiction over the plaintiff's first complaint. While the General Assembly had enacted procedures governing the prosecution of medical malpractice claims, "none of these procedural requirements involves subject matter jurisdiction," *id.*, and the failure to comply with those requirements "does not divest the court of subject matter jurisdiction," *id.* at 758. The court therefore held that the plaintiff's complaint was timely:

> Because we have determined that the trial court had subject matter jurisdiction over the first motion for judgment filed by Morrison, the order granting Morrison a voluntary nonsuit was a valid order. Morrison was entitled to the six month extension of time granted by Code § 8.01–229(E)(3), and, therefore, her second motion for judgment, filed on November 16, 1984, was timely.

*Id.* at 758; *see also McManama*, 458 S.E.2d at 762 ("The trial court had subject matter jurisdiction over the first action enabling it to properly enter an order granting plaintiff a voluntary nonsuit." (citing *Morrison*, 387 S.E.2d at 758)).

Given the *Morrison* court's definition of subject-matter jurisdiction and its conclusion that the circuit court had subject-matter jurisdiction because malpractice claims are torts and circuit courts have statutory jurisdiction to resolve cases involving torts, it is clear that *Morrison* requires only that the circuit court have what *Ghameshlouy* referred to as "potential jurisdiction" over a claim in order to issue a valid nonsuit—"the authority granted to it by constitution or statute over a specified class of cases or controversies." *Ghameshlouy*, 689 S.E.2d at 702. In this case, Massey's employment-related claims against Virginia Tech are tort-based (or perhaps contract-based) claims and thus fall within the

12

*class of cases* that Virginia's circuit courts are statutorily authorized to resolve. *See Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 817 S.E.2d 547, 555 (Va. 2018) ("[C]ircuit courts have subject matter jurisdiction over contract disputes . . . ."); *Morrison*, 387 S.E.2d at 757 ("[C]ircuit courts [have] jurisdiction to resolve cases and controversies involving torts."). The state court thus had subject matter jurisdiction over Massey's complaint when it was filed, which means that the nonsuit order was valid under *Morrison*.

The fact that Massey's claims might ultimately be barred by sovereign immunity does not change this conclusion. The Supreme Court of Virginia has explained that in cases where sovereign immunity applies, "the court is without subject matter jurisdiction to adjudicate the claim." *Afzall*, 639 S.E.2d at 281. In our view, this statement, with its focus on the court's ability to adjudicate the particular claim before it, must be understood to mean that, where sovereign immunity applies, the court lacks *active jurisdiction* over the claim. *See Ghameshlouy*, 689 S.E.2d at 702-03 (explaining that active jurisdiction is "the power to adjudicate a particular case on the merits"). Under *Morrison*, potential jurisdiction is all that is required for an order granting a voluntary nonsuit to be valid, and potential jurisdiction focuses on the general class of claims presented in the complaint. That the claims are asserted against a defendant who may be entitled to sovereign immunity does not change the nature of the claims being asserted—after all, a tort is still a tort regardless of who committed it.

Moreover, there is no language in the nonsuit statute that limits it applicability in cases where the court may not have active jurisdiction to resolve the merits of the case. To

13

the contrary, the statute itself contemplates that nonsuit orders will be issued in cases where jurisdiction is lacking. *See* Va. Code Ann. § 8.01-380(A) ("After a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, *unless that court is without jurisdiction*, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court." (emphasis added)).

      Virginia Tech's position is that because Massey's complaint raises questions of sovereign immunity, the only thing the state circuit court had the power to do was dismiss the complaint for lack of subject-matter jurisdiction; any other order—including an order granting a voluntary nonsuit—would be void *ab initio*. *See* Br. of Appellee at 17-18. As the supreme court explained in *Afzall*, however, courts lack jurisdiction "*if* sovereign immunity *applies*." *Afzall,* 639 S.E.2d at 281 (emphasis added). Whether sovereign immunity applies is not always a straightforward question. For example, in cases where the defendant is not the Commonwealth itself but is instead a municipality or a quasi-governmental entity authorized by state law, the determination of whether sovereign immunity applies turns on an evaluation of various factors, many of them fact-driven, such as whether the municipality was engaged in a governmental function or a proprietary function, *see, e.g.*, *Massenburg v. City of Petersburg*, 836 S.E.2d 391, 395 (Va. 2019) ("Under longstanding principles, sovereign immunity protects municipalities from tort liability arising from governmental functions, but not proprietary functions."), and the degree to which the quasi-governmental entity is subject to state rather than local governmental control, *see, e.g., Fines v. Rappahannock Area Cmty. Servs. Bd.*, 876 S.E.2d

14

917, 923 (Va. 2022) (explaining that if an entity qualifies as an "arm" of the Commonwealth, the entity "will also be clothed with the Commonwealth's immunity," while an entity that instead qualifies as a "municipal corporation" receives immunity "subject to the same limitations as the locality that created it"); *see also County of York. v. Peninsula Airport Comm'n*, 369 S.E.2d 665, 667 n.1 (Va. 1988) ("[W]hen participating localities retain substantial local control over an entity they have created, local activation negates its status as a state agency or an arm of the Commonwealth." (cleaned up)). If there is a dispute about the underlying facts, the circuit court is authorized to conduct an evidentiary hearing and make the findings of fact necessary to resolve the dispute. *See Fines*, 876 S.E.2d at 922; *Massenburg*, 836 S.E.2d at 394.

Under Virginia Tech's theory, however, the state court would not have the authority to conduct any of the proceedings required to determine whether sovereign immunity applies; all the court could do is dismiss the case. That cannot be right, as "a court always has jurisdiction to determine whether it has subject matter jurisdiction." *Morrison*, 387 S.E.2d at 755-56. Accordingly, it is clear that Virginia courts do not lose all authority to act immediately upon the assertion of sovereign immunity as a bar to claims asserted by a plaintiff. Instead, the court must first determine whether sovereign immunity actually applies to the claims asserted. Because this is a fact-based inquiry that may require resolution through an evidentiary hearing, it is apparent that the court's "potential jurisdiction"—its statutory subject-matter jurisdiction over the general class of claims presented in the complaint, *see Ghameshlouy*, 689 S.E.2d at 703—is sufficient to permit the court to conduct the proceedings necessary to determine whether sovereign immunity

15

applies. If the court concludes that sovereign immunity applies, then its potential jurisdiction does not ripen into the active jurisdiction required to "adjudicate [the] particular case." *Id.* at 702-03; *see Afzall*, 639 S.E.2d at 281 ("*[I]f sovereign immunity applies*, the court is without subject matter jurisdiction to adjudicate the claim." (emphasis added)). But until that determination is made, the court retains potential jurisdiction over the case and the authority to manage the case, and it may issue whatever procedural or other non-merits-based orders that may be appropriate, including an order granting a voluntary nonsuit. *See Whitt*, 739 S.E.2d at 261 ("A court may lack active jurisdiction and thus be foreclosed from resolving the merits of a case but nevertheless have the authority to adjudicate ancillary issues such as permitting an amendment to a pleading or adjudicating a dispute over whether all the necessary parties are properly before the court."); *Morrison*, 387 S.E.2d at 755 (explaining that an order granting a voluntary nonsuit is valid as long as the court issuing the order has "the authority granted through constitution or statute to adjudicate [the] class of cases or controversies" presented in the complaint).

IV.

For the reasons we have explained above, we conclude that the Virginia court where Massey originally filed his complaint had statutorily granted subject-matter jurisdiction over the class of claims asserted in Massey's complaint. The order granting Massey's motion for voluntary nonsuit was therefore valid under *Morrison* and triggered the tolling provisions of Va. Code § 8.01-229(E)(3). Because Massey refiled his case in federal court within six months of the date of the nonsuit order, this action was timely filed under § 8.01-229(E)(3), and the district court therefore erred by dismissing Massey's complaint.

16

Accordingly, we vacate the district court's order and remand for further proceedings on Massey's complaint.

*VACATED AND REMANDED*